IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL Y.A. WILSON,

                Plaintiff,

      v.

BOBBI KNAR, JOSH WICHMANN,
LISA AVILA, DEBBIE SEITZ,
ROBERT HUMPHREYS, MARILYN
ZURBUCHEN and JOHN DOE,

                Defendants.

ORDER

08-cv-137-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendants have moved for reconsideration of this court's order denying their motion to dismiss plaintiff's claims that they detained him unlawfully. July 18, 2008 Order, dkt. #20. I denied the motion on procedural grounds because defendants abandoned the arguments raised in their opening brief and raised new arguments in their reply brief.

      In their motion, defendants say they raised the same arguments in both briefs, but this is accurate only in the most general sense that they discussed qualified immunity in both. In defendants' opening brief they focused solely on the question whether it was "clearly established that a 43-day probation hold" was unreasonably long under the

1

Constitution. Dkt. #12. In plaintiff's brief in opposition, he explained that defendants misunderstood his claim: "[T]his is not what Mr. Wilson alleges. He alleges that his constitutional rights were violated when he was held in jail on a probation hold for a greater number of days than statutorily permissible pursuant to Wis. Admin. Code § DOC 328.22, when he was detained without any proper authority, and when he was not provided with a sufficient procedure to be heard." Dkt. #14, at 10. Thus, plaintiff has two claims, one under the Eighth Amendment that defendants held him beyond the date authorized by Wisconsin law, and one under the Fourteenth Amendment that defendants failed to give him due process. Neither of his claims raise the issue defendants addressed, which is whether 43 days in and of itself is unconstitutionally long for a probation hold.

In response, defendants' switched gears completely. They argued for the first time that plaintiff did not have a claim under the Fourteenth Amendment because any failure to provide process was "random and unauthorized," dkt. #16, at 1, and that he did not have a claim under the Eighth Amendment because his "detention was not for a punitive purpose," id. at 2. Because these were new arguments to which plaintiff had been unable to respond, I could not consider them. Nelson v. La Crosse County District Attorney, 301 F.3d 820, 836 (7th Cir. 2002). I cannot conclude that defendants can escape the basic rule against raising new arguments simply by invoking the words "qualified immunity" in both briefs.

2

ORDER

IT IS ORDERED that defendants' motion for reconsideration, dkt. #21, is DENIED.

Entered this 22nd day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3